Levine *v.* Giant, Inc., Appellant.

Argued March 5, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

Before CULLEN, P. J., specially presiding.

*Alex Marcus,* for appellant.

*William Zacharellis,* with him *Sidney Grabowski,* for appellee.

OPINION BY ERVIN, J., March 21, 1962:

Plaintiff, Henry Levine, sued defendant, Giant, Inc., in an action in assumpsit to recover damages alleged to have been suffered by reason of the defendant's wrongful discharge of the plaintiff. The defendant justified the discharge and endeavored to prove that the plaintiff violated the contract of employment. The jury rendered a verdict in favor of the plaintiff in the sum of $2,700.00 to cover loss of wages and expenses incurred. The defendant filed motions for new trial and judgment n.o.v. but has abandoned the latter motion. The court below refused defendant's motions and the plaintiff thereafter entered judgment upon the verdict. The defendant appealed.

Appellant first raises the point that the verdict was against the weight of the evidence. With this we cannot agree. The written agreement which was drawn by the defendant, the execution of which was admitted by both parties, was offered in evidence. There was no dispute as to its terms. In his charge to the jury the learned trial judge said: "The contract provided that 'The corporation will employ the manager', being described in the agreement as Henry Levine, 'as general manager of its appetizing department at its supermarket situate on Moosic Street in the City of Scran-

ton, for the term of one year from the 17th day of June, 1957, and thereafter until this agreement shall be terminated by either party hereto giving the other one month's notice in writing of such intended termination. During the continuance of this agreement the manager shall devote the whole of his time during the business hours of the corporation, and shall use his best endeavors to promote the interests and welfare of the aforesaid department and of the corporation. The manager shall exercise and carry out all such powers and duties, and shall observe all such directions and restrictions as the corporation may from time to time confer and impose upon him'." The agreement also provided for the payment of a salary of $150.00 per week.

The plaintiff claimed that he had properly performed all the duties required of him under the contract and that he was wrongfully discharged. The defendant claimed that he had not properly performed his duties and that he was properly discharged.

In its charge the court below very carefully reviewed the testimony given by two officers of the defendant, three customer witnesses and the store manager. The plaintiff denied all of the testimony against him as to improper performance of his duties with the exception that he admitted that he had made a mistake in preparing a barrel of pickles which were ruined. The testimony was in direct conflict and was for the jury to determine. The plaintiff described the work he had to do and stated that he worked six days a week from 7:30 a.m. to 9:00 p.m. or later, his working hours being uncontradicted.

Defendant presented three customers, each of whom made a different complaint against plaintiff. The plaintiff denied each complaint. Customers served ranged from 1,000 per day to 10,000 per week. The general manager voluntarily admitted that there are always a certain number of complaints, no matter what

an employe does. The jury found the facts in favor of the plaintiff and we cannot say that a new jury would do differently. The determination of whether a verdict is against the weight of the evidence rests primarily within the discretion of the trial court and its action will not be disturbed unless there is a palpable abuse of discretion: *Kiser v. Schlosser*, 389 Pa. 131, 132, 132 A. 2d 344. Only a most unusual situation warrants the granting of a new trial on the ground that a verdict is against the weight of the evidence: *Battistone v. Benedetti*, 385 Pa. 163, 171, 122 A. 2d 536.

Appellant also complains about the inadequacy of the court's charge in that it failed to explain the meaning, construction and operation of a contract. It would have been useless as well as confusing to instruct the jury on the law of contracts when the existence of the contract was admitted. There was no dispute as to its terms. The only issue in the case was whether or not the plaintiff had properly performed his duties. The court below very carefully reviewed the testimony presented by both sides and then said to the jury: "Members of the Jury, from all this testimony, the contract of employment being admitted, it is for you to decide whether or not the discharge of the plaintiff by the Giant Markets was wrongful or whether it was proper because of the plaintiff's failure to perform the contract, if you find there was such a failure. You must determine whether or not the plaintiff was performing the duties required of him under this contract and under the testimony produced. Was he discharged because of his failure to properly perform his duties, or was it for some other reason?" We have no doubt that the jury very clearly understood what the real issue in the case was and what it should take into consideration in determining that issue.

Appellant also complains of the trial judge's failure to affirm defendant's points 2, 3 and 4, all of which

dealt with the question of plaintiff's duties in performance of the contract. These points were refused because they had been clearly covered in the general charge and also because of the fact that there was no evidence to support certain parts of the points. The court below, in its general charge, read to the jury the parts of the contract relating to the plaintiff's duties thereunder. Unfaithfulness, disobedience, disloyalty, and failure to properly perform duties, were explained to be reasons for discharge. A reading of the entire charge will clearly reveal that the court gave the jury a very clear picture of exactly what questions it was to determine and what factors it was to take into consideration in determining each question. The court below did affirm defendant's first and sixth points for charge and read them to the jury. These points clearly stated the extent of plaintiff's obligation under the contract and the right of the defendant to discharge him in the event of plaintiff's failure to meet those obligations. We are of the opinion that the court below did not err in failing to approve appellant's second, third and fourth points for charge.

In the oral argument to this Court the appellant also contended that the trial court erred in its instructions to the jury relative to the question of damages. Apparently this question was not raised in the court below and ordinarily we would not consider it at this time. Appellant, however, argues that the failure of the court in this particular constituted fundamental error and that it should be considered now even though not raised below. The court in its charge pointed out that the plaintiff had the burden of proof to show by the fair preponderance of the evidence that there was a contract and that it had been breached by the defendant by a wrongful discharge and also the damages suffered as a result of the defendant's action. The court also instructed the jury as follows: "He [plain-

tiff] testified that on September 20, 1957, Mr. Sam Hodin discharged him. He said he went back to New York and was re-employed in the job which he left at Moisha's Market, and that after September 20th he was out of work for one week; that when he returned to his employment he returned at the salary he was receiving when he left which was $105.00 per week. He said he worked at that salary from the 27th of September to the 3rd of January, 1958, or a period of 14 weeks, and that at that time he received an increase in salary from Moisha's to $110.00 per week, and that he worked at that salary during the remainder of the year which is the period of this contract with Giant.

"Mr. Levine testified that he brought his family to Scranton and that Mr. M. L. Hodin told him to do so after he had been employed here about 2 months, and that after he was discharged his family remained in Scranton for some time. He said when he went to New York to get a job that he went to live with a Mrs. Goldie to whom he paid $15.00 a week for rent and $25.00 a week for food. He testified that if he had been living in Scranton with his family the cost to him per week for his own food would have been $10.00 and that that type of living by him went on until his family was moved back to New York on April 23rd, 1958. He said in the moving back there was an expense of $160.00 and that he also had to pay $200.00 to his landlord to release him from a 2 year lease which he had signed when he brought his family to Scranton."

At the conclusion of the charge the court below asked counsel for any further suggestions, at which time the attorney for the defendant stated: "If the Court please, you ought to charge the Jury as to the reasonableness of the expenses. It is for them to determine whether or not they are reasonable or whether or not they are not reasonable." The court then said to the jury: "If the Court has not already instructed the Jury that it is for them to find what damage, if any,

the plaintiff suffered in this case, in the event you first find that there was a contract and that he was improperly discharged, then I will say to you that it is for you, if you find the contract and an improper discharge, to determine the reasonableness of the damages to which the plaintiff has testified, and the amount of damages, if any, to which you may find he is entitled to recover. Anything further?" To which the attorney for the defendant answered: "No, your Honor."

It is true that a court, instead of leaving the damages to the discretion or caprice of the jury should instruct them as to the proper rule or measure of damages for the breach of a contract: *Gilmore v. Hunt's Administrator*, 66 Pa. 321, 325. It is also the court's duty to do this without request: *Burns v. Pa. R.R. Co.*, 233 Pa. 304, 310, 82 A. 246.

If the instruction on the question of damage is clearly erroneous, this constitutes reversible error. Where, however, the charge on the question of damages is merely inadequate we will not reverse if no injury resulted to the complaining party: *Wilkinson v. North East Borough*, 215 Pa. 486, 491, 64 A. 734. The appellant was not injured in the present case. The verdict was for $2,700.00 for loss of wages and expenses incurred. The plaintiff proved and the trial judge instructed the jury as to the following items of damage:

| | |
|---|---|
| The contract for one year at $150.00 per week commenced on June 17, 1957; the defendant was discharged on September 20, 1957. He was out of work one week, thereby losing a salary of | $150.00 |
| He went to New York and commenced work on September 27 at a salary of $105.00 per week, thereby losing $45.00 per week for a period of 14 weeks to January 3, 1958, making the sum of | 630.00 |

| | |
|---|---|
| On January 3 his salary was advanced to $110.00 per week and he thereafter lost the sum of $40.00 per week for 23½ weeks from January 3, 1958 to June 17, 1958, making a total of | 940.00 |
| It cost him to move his family back to New York the sum of | 160.00 |
| He had to pay the Scranton landlord for a release from the lease | 200.00 |
| When he went back to New York he left his family in Scranton for a period of seven months from September 27, 1957 to April 23, 1958, or 29 weeks, and in New York he was obliged to pay $15.00 a week for rent and $25.00 a week for food, totalling $40.00; it would have cost him $10.00 had he remained in Scranton, making a loss of $30.00 per week for 29 weeks | 870.00 |
| | |
| Actual damages (not including interest, which could have been allowed) | $2,950.00 |
| Amount of verdict | 2,700.00 |

We are, therefore, of the opinion that the defendant suffered no injury because of the court's failure to charge more fully on the question of damages. In fact, it would seem that the defendant profited.

Judgment affirmed.