Amati, Appellant, *v.* Williams (et al., Appellant).

Argued November 15, 1967. Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*Sigmund L. Bloom,* with him *Bloom, Bloom, Rosenberg & Bloom,* for appellants.

*Samuel L. Rodgers,* with him *Rodgers and Roney,* for appellees.

OPINION BY MONTGOMERY, J., December 14, 1967:

As a result of a collision in Washington County between an automobile being operated by Robert L. Williams south on State Route 837, in which Manuel Robin Kazaczka was a passenger, and another automobile being operated by Louis Amati east on Black Diamond Hollow Road, the following actions were commenced for the collection of damages:

(a) Louis Amati sued Robert L. Williams for personal injuries and damages to his automobile.

(b) Manuel Robin Kazaczka (a minor) with his parents, Alphonse E. Kazaczka et ux., sued Robert L. Williams for personal injuries sustained by the minor,

and Louis Amati was joined as an additional defendant.

(c)   Gomer Williams, father of Robert L. Williams, and owner of the automobile driven by his son, sued Louis Amati for property damage to the automobile.

The cases were consolidated for trial which resulted in a jury verdict for the defendant Williams in case (a), for the parents of Manuel Robin Kazaczka in the amount of $191 for medical expenses incurred for their son against Louis Amati alone, but nothing for the son in case (b), and in favor of Gomer Williams against Louis Amati in the amount of $762.32, representing damages to his automobile, in case (c).

Motions for a new trial filed by Amati and the Kazaczkas having been overruled and judgments entered on the verdicts, an appeal was taken by all of said parties to our Supreme Court which, on August 27, 1967, certified it to this Court.

The appellants seek new trials in all cases, and to include all parties, contending that the verdicts are against the law and the weight of the evidence, and that the court erred in its instructions to the jury. Kazaczkas assert the additional reason that the jury ignored the claim of the minor and awarded him no damages, although specifically finding that Amati was guilty of negligence.

This was a collision within the intersection of the two roads previously mentioned which was uncontrolled by lights or other signals, and was without official designation of either road as a through highway. Amati approached the intersection from the right of Williams and stopped before entering onto Route 837, then proceeded across the westerly half of said route so that the front of his vehicle was beyond the center line thereof when the collision occurred in the northbound lane, the left front of Amati's car being struck by the right front of Williams' car.

Kazaczkas contend that the accident was due to excessive speed on the part of Williams; that Amati was partly in the intersection and moving across it when Williams was on a bridge about 80 feet north of the intersection, traveling too fast to stop in time to prevent a collision.

Williams contends that he was driving 35 to 40 miles per hour when 80 feet from the intersection, at which time Amati was stopped and had not entered the intersection, that he assumed Amati would remain stopped and permit him to pass, but that Amati pulled out into his path, with the result that Williams could not avoid the collision although applying his brakes and pulling to his left.

Amati contends that he looked for traffic before pulling out into the intersection and seeing none proceeded to make a left turn onto Route 837, but when his front end reached the center of that highway he saw Williams approaching from his left over a crest or rise 100 feet away at a rapid speed, and that he continued a few feet when the collision occurred.

The charge of the court adequately explains the rights of motorists at uncontrolled intersections. However, after having given general instructions on the subject of right of way when two vehicles approach or enter an intersection at approximately the same time, the trial judge stated that a vehicle on a through highway has the right of way over one on an intersecting highway, immediately thereafter stating further that, "There is no testimony in this case concerning which was the thru and which the intersection or intersecting highway or whether they were of equal importance. Therefore the question of the right of way is entirely for you to determine from all the evidence which you have heard."[1]

---

[1] Appellant entered a special exception to this part of the charge, which was overruled.

Counsel for appellants contend that this statement confused the jury by implying that it might decide the issue of right of way on the basis of appellee being on a through highway. Considering the charge as a whole, the record on which it was predicated and the contentions of the several parties, we find no merit in this argument. It is clear that this case was tried on the premise that the intersection was uncontrolled and neither road officially established as a "stop" or through highway as recognized by Section 1112 of The Vehicle Code of April 29, 1959, P. L. 58, 75 P.S. §1112. It may have been better had the trial judge not been so broad in his general instructions and omitted any reference to through highways. However, since he immediately ruled out any consideration of a right of way arising from the fact that one of the roads may have been so designated, he limited the jury's consideration of the case to a collision at the intersection of two roads, neither one of which had any official recognition of superiority. We find no prejudicial error in this part of the charge.

Appellants complain further because of the refusal by the court to read to the jury certain points submitted by them. Certain of these points amounted to a direction to the jury to find appellee negligent under certain circumstances. The record does not justify such a direction and those points were properly refused for that reason. The others were covered by the charge and would have been merely repetitious or elaborative. We find no error in the action of the trial judge in refusing them. Where the substance of a requested instruction has already been given in the general charge, it may be refused for that reason. *Poulson v. Gamble,* 197 Pa. Superior Ct. 300, 178 A. 2d 839 (1962).

Although this case was tried and presented to the jury as one arising in an uncontrolled intersection without either road being recognized as a privileged

one, there is evidence which, if acceptable to the jury, would have established Route 837 as a more important road from the point of maintenance and use. Under our decision in *Bell v. Dugan,* 189 Pa. Superior Ct. 322, 150 A. 2d 553 (1959), cited with approval in *Pugh v. Ludwig,* 409 Pa. 517, 186 A. 2d 911 (1963), this would have entitled the appellee to a more favorable charge than was given. However, this was to the benefit of appellee and prejudicial to Williams. We see no prejudice to the Kazaczkas in this particular.

Appellant's second complaint related to the weight of the evidence. This is primarily within the discretion of the trial judge to determine and his actions will not be disturbed unless there is a palpable abuse of discretion. *Levine v. Giant, Inc.,* 197 Pa. Superior Ct. 339, 178 A. 2d 802 (1962). The evidence sufficiently supports appellee's contention that he was traveling on a well established highway when he saw Amati stopped on the intersecting road, apparently recognizing that he was about to enter a well traveled road and awaiting an opportunity to do so without possible danger from other vehicles using it; that suddenly Amati pulled out, affording appellee insufficient time to stop before the accident occurred. This reason for a new trial must, therefore, be rejected.

The one remaining question is the failure of the jury to recognize the claim of the minor plaintiff-appellant after recognizing that his parents sustained monetary losses arising from injuries sustained by their son. The award to the parents was based on the testimony of Dr. Norman G. Golomb, whose assistant had attended the minor in the emergency room of the Monongahela Hospital immediately following the accident on November 8, 1959. At that time the assistant observed a laceration of the forehead which required two deep sutures and nine additional stitches in the skin, and noted that his patient complained of headache,

pain in the neck, and was very nervous and upset. Although an X ray showed no fracture of the skull, necessary surgical, medical and physiotherapy treatments were given on twenty-two occasions for the other injuries, i.e., the laceration of the head and the neck pain. Disfigurement of the face was also indicated. On this evidence we cannot affirm the lower court, which refused a new trial for the reason that in its opinion the jury disregarded the claim of the minor because his injuries were inconsequential. The minor is entitled to a new trial under *Yacabonis v. Gilvickas,* 376 Pa. 247, 101 A. 2d 690 (1954). Pain, suffering and inconvenience were substantial items of damages which should not have been limited to medical expenses. Liability for the damages suffered by the minor having been determined, a new trial will be awarded only against Louis Amati as additional defendant solely for the determination of damages. *Troncatti v. Smereczniak,* 428 Pa. 7, 235 A. 2d 345 (1967).

Judgment affirmed in the case of Louis Amati v. Robert L. Williams (80 May Term, 1960), Gomer Williams v. Louis Amati (66 May Term, 1962), and for Alphonse E. Kazaczka et ux., plaintiffs, and Robert L. Williams, original defendant, in the case of Manuel Robin Kazaczka et al. v. Robert L. Williams, original defendant, and Louis Amati, additional defendant (81 May Term, 1960) ; and a new trial is granted to Manuel Robin Kazaczka, minor, by his father and natural guardian, Alphonse E. Kazaczka against Louis Amati, additional defendant (81 May Term, 1960), for the sole purpose of determining damages.