## DeHoff *v.* Scott, Appellant.

*Practice, C. P.—Pleadings—Contract—Erroneous charge—Architect.*

In an action by an architect to recover for services in drawing plans and specifications for a building, it is reversible error for the trial judge to state in his charge a different basis for compensation than that alleged in the pleadings, or suggested in the evidence.

In such a case where it appears that the plaintiff's plans were rejected because the cost of applying them to the property would be largely in excess of the contract price, and it also appears that the defendant employed another architect to make the plans and supervise the construction of the building, a judgment for plaintiff will be reversed, where it appears that the counsel for plaintiff gave the plans of his client, which had not been admitted in evidence, to the jury, in substitution for the plans of the second architect, which had been admitted in evidence, and that this error was not noticed by counsel for defendant or the court at the time.

As a general rule, where one directs an architect to make plans and specifications for a building and stipulates that its cost of

construction shall not exceed a definite sum, the architect cannot recover compensation for his work, unless the building can be erected for approximately the sum specified. Thus where the contract provides for a building to cost $12,000, and the plans submitted would require the expenditure of $16,000, the plans may be rejected.

In such a case it is error for the court to reject bona fide bids for the construction of the building, offered for the purpose of showing the good faith of the defendant in rejecting the plans of the plaintiff.

A copy of an unsigned letter relating to a prospective bid is improperly admitted in such a case, if the letter is not sufficiently identified.

Submitted Oct. 3, 1917. Appeal, No. 43, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., Sept. T., 1916, No. 145, on verdict for plaintiff in case of Harry E. DeHoff v. Amos M. Scott. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit by an architect to recover compensation for services in preparing plans and specifications for a building. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

The duty is imposed upon you of determining from the evidence, whether the plaintiff shall recover the amount asked for or whether he shall recover nothing and your judgment must be based upon the evidence presented to you. Now, I am not going to review the evidence because it is too recently fresh in your minds. You will have the plans and the contract entered into and signed by the parties for your advice.

[There are two points of law in relation to it that I am bound to direct your attention to and that is, in the first place, if the whole contract between Mr. DeHoff and Mr. Scott is embodied in that agreement in writing, then whether the plans were used or not Mr. DeHoff is entitled

9, (1918).] Charge of Court below—Assignment of Errors.

to recover under the law.] (1) [If the plans of the plaintiff were used as a basis by the other builder or architect for his plans, he would be entitled to recover, what we term on a quantum meruit, that would be the value of the services and that can be ascertained by you as fixed by the basis of the contract they entered into.] (2)

In other words if the defendant in this case simply declined to use DeHoff's plans for any reason beyond the right to reject them, if that was reserved, why then the architect having performed his work, if you find he performed it in a reasonably proper manner, he is entitled to be paid for his services.

[If, however, the case stood as the defendant states it, that the bids in question were, or the plans and specifications in question were to furnish him with a building not to exceed $12,000, and that it required $16,000 to build it as set forth in the plans and specifications of DeHoff, and that Mr. Scott rejected the plans and specifications on that account, and he or his agent did not then utilize them with minor alterations to obtain other bids, then your verdict should be for the defendant, but if you find that the plans and specifications of the plaintiff were subsequently used here, and that the contract was as stated in the letter, your verdict should be for the plaintiff], (3) and if you do not find that to be a fact, your verdict should be for the defendant.

Now, that is really all there is to it.

Verdict and judgment for plaintiff for $286. Defendant appealed.

*Errors assigned,* among others, were (1-3) above instructions quoting them; (4) in permitting the plans of the plaintiff to be submitted to the jury; (5) in admitting in evidence copy of an unsigned letter by a contractor, relating to a prospective bid of $13,000; (6, 7) refusal to admit bids of two contractors to construct the buildings according to plaintiff's plans, each for about $16,000; (8) in refusing to charge that the plaintiff

could not recover more than $175, the balance stated in his bill, dated May 4, 1916.

*John W. Parks,* for appellant, cited Hewitt v. Webb, 253 Pa. 406.

*Jacob Weinstein,* with him *Joseph D. Lanard,* for appellee.

OPINION BY ORLADY, P. J., March 2, 1918:

The plaintiff brought suit to recover for services as an architect, based on the following writing, "March 25, 1916, I propose to make plans and specifications for the addition to your hotel, S. E. Cor. Twelfth and Pine streets, for the sum of 2½ per cent. of the cost; I also agree to supervise the construction of the building for the additional sum of 2½ per cent. of the cost; payment for the plans to be $50 cash, and the balance after bids are received," signed by the plaintiff, and endorsed by the defendant as follows: "I accept the above agreement." It is agreed, that in addition to the words of the contract there was the understanding between the parties that the cost of the prospective building would not exceed $12,000. Pursuant to this, the plaintiff furnished plans and specifications and bids were received thereunder, which were unsatisfactory for two reasons, first—in regard to the arrangement of the halls, rooms, ways, etc., and second—that the estimated cost of the building would be about $16,000. While the defendant retained the plans and specifications, and employed another architect to prepare new ones, there is nothing in the evidence to indicate that the plans submitted by the plaintiff were adopted by the second architect or that he saw them. The building was intended to occupy the whole of the lot, and necessarily the outside lines would be the same suggested by any architect. The internal design and of space arrangement with the furnishing, affected the cost and induced the dispute in question.

So far as the record discloses, the first set of plans were rejected solely for the reason that the cost of applying them to the property would be $4,000 in excess of the intended contract price. On May 4, 1916, the plaintiff presented a bill as follows: "To balance due for plans and specifications as per bill rendered, $175. Please remit." and his statement avers that, "the cost of the building was $12,000, and thereupon there became due and payable to the plaintiff the sum of $300, upon the basis of 2½ per cent., and, concluded that there was due and payable the sum of $275." There is no suggestion of a claim founded on a quantum meruit, but on the trial it was inadvertently indicated by the trial judge that if the plans of the plaintiff were used by another contractor or architect, the plaintiff would be entitled to recover for the value of the services, which could be ascertained by the jury, and fixed as the basis of the contract entered into, and that whether the plans were used or not the plaintiff was entitled to recover. This was a different basis for compensation than that alleged in the pleadings or suggested in the evidence. Other parts of the charge fairly and adequately presented the respective contentions of the parties, but the defendant was entitled to have the plaintiff's claim presented on the theory he declared on, and under the evidence supporting it. It further appears, and was admitted at bar by counsel for the plaintiff, that while the plans and specifications drawn by the building architect, and filed in the department of building inspection, were properly admitted in evidence, —in the hurry of trial, the plans and specifications drawn by the plaintiff, which were not on file, had not been used or offered in evidence, were marked by the stenographer as an exhibit, instead of the proper ones, and when the jury retired, counsel for plaintiff gave them to the jury in substitution for those which had been properly received, and these were the only ones considered by the jury. Whether this mistake was intended or accidental, it is sufficient of itself to require reversal

of the judgment.    The error was not noticed by counsel for defendant or the court at the time, else, for this reason a new trial should be granted.

As a general rule, where one directs an architect to make plans and specifications for a building and stipulates that its cost of construction shall not exceed a definite sum, the architect cannot recover compensation for his work unless the building can be erected for approximately the sum specified.    The contract letter offered in evidence required oral proof to complete its terms, and the error into which the court inadvertently fell was induced by the method adopted by counsel in presenting their case, and when the trial judge stated, "If you find that the plans and specifications of the plaintiff were substantially used here, and that the contract was as stated in the letter, your verdict should be for the plaintiff," it was overlooked that the plaintiff, with all the facts before him, submitted a bill for $175, for these same plans and specifications.

The defendant was not required to accept the services of the plaintiff in the construction of a building which would cost $16,000, when his contract specifically declared that it would cost but $12,000: Hewitt v. Webb, 253 Pa. 406.    See also Williar v. Nagle, 109 Md. 75, in which the question is very fully considered.

The court erred in admitting in evidence a copy of an unsigned letter relating to a prospective bid, as it was not sufficiently identified, and further in rejecting two bona fide bids for the construction of this building from contractors and builders, for the purpose of showing the good faith of the defendant in rejecting the plans and specifications as offered by the plaintiff.

The judgment is reversed, and a venire facias de novo awarded.