## Ballinger *v.* Howell Manufacturing Company, Appellant.

Argued January 10, 1962. Before BELL, C. J., MUS-MANNO, COHEN, EAGEN and O'BRIEN, JJ.

*David Berger,* with him *Lewis Kates,* for appellant.

*W. Edward Greenwood,* with him *Schumaker & Lunkenheimer,* and *Gawthrop & Greenwood,* for appellee.

OPINION BY MR. JUSTICE COHEN, May 7, 1962:

This is an appeal from the entry of judgment after an order of the court en banc dismissing exceptions by the defendant-appellant, Howell Manufacturing Company, to the decision and verdict of the trial court and entering judgment in favor of appellee, Ballinger.

Appellee brought its action of assumpsit to recover a fee for architectural services rendered in designing an industrial plant for appellant. Prior to trial, the

parties filed a stipulation wherein they dispensed with a jury trial, waived the requirement of findings of fact and conclusions of law, and agreed to the entry of a general verdict and decision by the trial court.

Many of the facts surrounding the dealings of the parties are in dispute. Those facts which are incontroverted reveal the following background:

Appellant, a corporation engaged in the manufacture of wood and metal doors and related products, was obliged to move its plant from Philadelphia as a result of condemnation of its property. Appellant decided to construct new facilities in Chester County at a cost not to exceed $250,000. Appellee, a firm of architects and engineers, solicited, and, following several conferences with one Brennan, appellant's president, and after inspection of the old plant, secured an architectural contract for the design of appellant's new facilities.

Appellee's formal proposal of services was embodied in a letter sent to Brennan who subsequently accepted the proposed terms. The letter outlined the various architectural services which appellee would furnish, and provided, in pertinent part, for reimbursement on the following basis: "Direct cost of architectural draftsmen, engineers and accountant, plus 100% of such cost for overhead and office supervision, plus 10% of total cost for profit." A covering letter which accompanied the proposal contained the following paragraph: "If you approve preliminary plans and specifications as presented with slight modifications, we estimate that our total charges to you, based on the attached cost-plus agreement, and without supervision of construction, will run somewhere between $6,000 and $8,000." Appellant's plant was constructed based primarily on the designs drawn by appellee, and is in current operation. The total cost of the building exceeded $346,000.

The present controversy arises out of a charge in excess of $35,000 which appellee submitted for its services. Appellant refused to pay this amount since it was more than the $6,000-$8,000 contemplated in the original understanding.

This raises the point which is the heart of the case—did the increased bill result from modifications in plans and specifications caused by mistakes of the architects, or from changes directed by the appellant and/or its contractor? This question requires us to make a factual determination.

As a general rule, on appeal, after findings made by a judge without jury, the function of the appellate court is to determine whether the findings of fact and conclusions of law of the trial judge, approved by the court en banc, are sufficiently supported by the evidence. 6 Stan. Pa. Pract. Ch. 23, §29, p. 30 (1960) citing *Glesenkamp Will*, 378 Pa. 635, 107 A. 2d 731 (1954). The present case is somewhat unique, however, in that, because of the stipulation entered into by counsel, there were no findings of fact or conclusions of law. Accordingly, since there are no factual determinations by the trial court which are binding upon us with the weight of a jury verdict, we must review the entire record, as did the court en banc, and attempt to make our own determination of the facts.

Unfortunately, however, after several readings of the record, we have found the evidence to be in such conflict and confusion that an accurate evaluation of the facts is impossible.

We cannot tell, for instance, what architectural features were contained in appellant's old plant; or what constituted the structural essentials discussed by the parties during their preliminary consultations which were to be included in a new factory costing less than $250,000; or the characteristics of the building contained in the plans and specifications mentioned in the

letter wherein the $6,000-$8,000 limitation appeared. From the record, we are unable to discover the type of building envisioned by each party during the various stages of their relationship; exactly when and by whom changes were proposed; why changes were proposed; what the additional architectural fees for the many changes were, and whether appellant was apprised of these fee increases as they occurred. All this information is necessary to determine what the parties meant initially when they spoke of a building to cost no more than $250,000 (if, indeed, there was any real meeting of the minds at all regarding the nature of this facility), and what type of structure could be designed for a maximum of $8,000 in architects' fees.

Similarly, we are unable to determine what amount, if any, of appellee's direct cost figures included time spent in supervision by partners or supervisory officials, and vacation and sick time by men working on the job. None of these items may be included in direct or operating costs, but are properly considered as overhead: See *Lytle, Campbell and Co. v. Somers, F. & T. Co.*, 276 Pa. 409, 120 Atl. 409 (1923).

Ordinarily, where the record is in a confused state and the trial court has not made findings of fact, we would remand the proceedings for appropriate factual determinations by the trial judge. In the present action, however, this is impossible since the trial judge has retired from the bench and is no longer available to make the necessary findings. Therefore, in order to protect against a possible miscarriage of justice in the present situation, a new trial is necessary to clarify the many ambiguities appearing on the record and to permit the rendering of necessary factual and legal determinations by a trial court.

Since the case must be remanded for a new trial, the several substantive questions raised by this appeal are inappropriate and need not be answered. We feel con-

strained to state, however, that the lower court misinterpreted the effect of *DeHoff v. Scott*, 69 Pa. Superior Ct. 9 (1918), by attempting to restrict its application to non-cost-plus contracts. The *DeHoff* case stands for the proposition that where one directs an architect to make plans and specifications for a building and stipulates that its cost of construction shall not exceed a definite sum, the architect cannot recover compensation for his work unless the building can be erected for approximately the sum specified. This principle is equally as applicable to a building to be constructed on a cost-plus basis such as in the present case, as to one to be built either on a straight-cost basis or for a specified sum, *so long* as there is a pre-determined ceiling on the amount that the structure is to cost.

This case clearly reiterates the fact that in trying a matter, counsel should be conscious equally of making a record which is meaningful to the appellate court which, on appeal, must decide issues on the basis of it, as in presenting a case which will prevail before the jury and the lower court.

Accordingly, the confused state of the record prevents us from determining the propriety of the judgment entered by the court en banc affirming the general verdict of the trial court and requires us to remand this matter for a new trial.

Judgment reversed; case remanded for new trial.