Idell, Appellant, *v.* Falcone.

Argued April 20, 1967. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Samuel I. Sacks,* with him *Samuel Lichtenfeld,* for appellant.

*Reese A. Davis,* with him *Robert E. Porter,* and *Greenwell, Porter, Smaltz & Royal,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 14, 1967:

Appellant, a registered architect, filed a complaint in assumpsit against appellee, seeking to recover $18,-752 for architectural services performed for appellee pursuant to an alleged oral contract. Appellant alleged that under the terms of his oral contract, he was entitled to $42,000 in fees. In addition, he averred that he was entitled to $4,752 as reimbursement for mechanical engineering fees which he had paid and which, under the alleged oral agreement, appellee was required to pay. Appellant's complaint pleaded that a total of $28,000 had been paid to him and he therefore sought $18,752.

Appellee in his answer denied that the oral contract was as pleaded by appellant and further denied that he owed appellant any sum whatsoever. In a counterclaim, appellee averred that he had overpaid the appellant in that the total amount which appellant was entitled to receive was $9,000. He further averred that he was entitled to reimbursement of the difference between the sum of $4,752, the amount agreed to be paid to the engineer, and what had actually been paid to the engineer by appellant. The counterclaim contended that of the $28,000 amount paid to appellant, $4,-752 was to be paid over to the engineer, leaving an overpayment of $14,248 to appellant. Appellee therefore demanded judgment in a sum in excess of $14,248, being the alleged overpayment, and any portion of the $4,752 determined not to have been paid to the engineer. The parties agreed to submit the case to non-

jury trial, and neither party requested findings of fact or conclusions of law. The trial court, under the authority of the Act of July 10, 1935, P. L. 640, §1, 12 P.S. 689, entered a decision which contained no findings of fact. The court stated: "2. The plaintiff has not shown his right to recover by a preponderance of the evidence. 3. The defendant has shown his right to recover by a preponderance of the evidence." The court then entered verdicts in favor of appellee and a verdict in his favor and against appellant in the amount of $14,248 on the counterclaim. Appellant's exceptions were dismissed and judgment was entered on the verdict; this appeal followed.

As we have often stated, the findings of a trial judge, sitting without a jury, sustained by the court en banc, have the force and effect of a jury's verdict, and, if based on sufficient evidence, will not be disturbed on appeal. *Girard Trust v. Sweeney,* 426 Pa. 324, 231 A. 2d 407[2] (1967); *Christ Const. Co. v. Olevsky,* 426 Pa. 343, 232 A. 2d 196 (1967). This general rule is not, however, applicable to the instant case. In *Ballinger v. Howell Mfg. Co.,* 407 Pa. 319, 180 A. 2d 555 (1962), we said, after indicating the general rule: "The present case is somewhat unique, however, in that, because of the stipulation entered into by counsel, there were no findings of fact or conclusions of law. Accordingly, since there are no factual determinations by the trial court which are binding upon us with the weight of a jury verdict, we must review the entire record, as did the court en banc, and attempt to make our own determination of the facts." In *Ballinger,* we remanded for a new trial because our reading of the record disclosed the evidence "to be in such conflict and confusion that an accurate evaluation of the facts is impossible."

Careful readings of the instant record reveal a somewhat similar state of confusion. Without rehears-

ing the evidence or lack thereof, we are constrained to hold that neither party to this lawsuit has shown a right to recover by a preponderance of the evidence. The trial court, in our view, properly determined that appellant had not met his burden of establishing an oral contract entitling him to remuneration in the amount of $42,000. By the same token, however, the record fails to reveal that appellee has met his burden in establishing his counterclaim contention that the alleged oral contract required a payment of only $9,000. Appellee has failed to explain satisfactorily the allegedly mistaken overpayments. Appellant maintains that all of the payments up to $28,000 were made as the result of bills mailed to appellee. Appellee denies the receipt of any such bills except for the final one showing a $14,000 balance. It strains credulity to accept appellee's explanation that all payments in excess of $9,000 were made by mistake, particularly in view of the fact that the payment instruments were signed by appellee and were drawn on accounts under his control.

The court below in its opinion indicates that appellee advanced money to appellant with the understanding that appellant would pay the engineer. The court said: "If this money was never turned over to the engineer by the plaintiff, we do not think that he should be allowed to convert it to his own use and require the defendant to make a second payment thereon." Despite this statement, the court made no award to appellee in this connection, having entered its verdict and judgment for an amount which reflects no consideration of this facet of the case. Nor could the court have made any award with respect to amounts paid or not paid to the engineer, since the record contains no evidence of any payments or nonpayments to him.

We conclude that since neither party has met his burden of proof, the court below should have left the

476.

parties where it found them, and entered judgments for the defendant in both the primary suit and the counterclaim.

The judgment of Falcone in the suit of Idell v. Falcone is affirmed. The judgment for Falcone on his counterclaim against Idell is reversed and is here entered for Idell, notwithstanding the verdict.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice MUSMANNO dissents.