389 A.2d 130

Joseph A. FLORAVIT, Dale S. Floravit, and Cynthia Lynn Floravit, a minor, by her natural guardian, Joseph A. Floravit, Appellants,

v.

David C. KRONENWETTER and Church and Murdock Electric, Inc.

Superior Court of Pennsylvania.

Argued March 23, 1978.

Decided July 12, 1978.

582

Thomas G. Wagner, St. Marys, for appellants.

Norbert J. Pontzer, Ridgway, for appellees.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT and HESTER, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court's verdict was against the weight of the evidence. We disagree and affirm.

On September 6, 1973, appellants filed a complaint in trespass in the Elk County Court of Common Pleas seeking damages resulting from an accident in which appellees' pick-up truck struck the rear of appellants' automobile. At a non-jury trial on July 15, 1975, appellant, Joseph Floravit, testified that on September 7, 1971, at approximately 4:15 p.m., he was driving southbound on Pennsylvania Route 255, a two lane highway, in Benzinger Township, Elk County. His daughter, appellant, Cynthia Floravit, was a passenger in the car. At the crest of a hill, he brought his car to a stop behind a car which was awaiting a break in the oncoming traffic in order to make a left turn. While stopped, his car was suddenly struck from behind by a pick-up truck driven by appellee, David Kronenwetter. The impact of the collision propelled appellant's car into the rear of the lead automobile. Appellant testified that his car was considerably damaged and that, as a result of the accident, he experienced neck and back pain which required medical

attention and periodic hospitalization. Moreover, his physical condition rendered him unable to return to work until January 30, 1973, approximately fifteen months after the accident.[1]

Appellee, David Kronenwetter, testified that at the time of the accident, he was employed by appellee, Church and Murdock Electric Company, Inc., and, in the course of his employment, was operating his employer's pick-up truck southbound on Route 255. Appellee observed appellant's stopped vehicle at a distance of about 500 feet, applied the footbrake, and slowed his speed from approximately 25 miles per hour to less than 5 miles per hour. At a distance of approximately one car length from appellant's vehicle, appellee lost all braking power. Before he had an opportunity to engage the emergency brake, his truck collided with appellant's vehicle.

On cross-examination, the following exchange occurred concerning appellee's response to the brake failure:

"Q. Is there any reason Dave, why you could not have turned out to the right to avoid striking Mr. Floravit's car?

"A. Yes, Sir.

"Q. Why?

"A. There is an embankment there.

"Q. How much of an embankment?

"A. Enough that I couldn't walk up it.

"Q. Well, could you have driven your car up on the side of it, your truck up on the side of it?

"A. No. . . .

"Q. [O]n the left side you couldn't have gone over there because there was traffic coming down there, isn't that right?

"A. Right. . . .

"Q. Could you have turned off behind Floravit if the embankment had not been there?

---

1. Appellant, Cynthia Floravit, also testified that she experienced neck and back discomfort as the result of the collision and that the pain had restricted her physical activity.

"A. I don't think so.

"Q. In other words, you just didn't have time to do anything, right?

"A. Right.

"Q. Yet in that particular one car length of distance, tell me how long is a car?

"A. About seventeen feet.

"Q. In that seventeen feet you had time to go for your emergency brake and had a chance to stop your truck with your emergency brake, right?

"A. Wel,,,[sic]

"Q. Isn't that what you testified to?

"A. Yeah, yeah, I know I went for the emergency brake but I can't tell you in those couple seconds whether I had the emergency brake applied or not, all I know is that after I hit him, I didn't drift backwards because I had the emergency brake on already.

"Q. Well, do you suppose that you were applying it as you hit?

"A. I would say, yes.

"Q. And, after you struck him, you didn't drift back anymore?

"A. Right."

Appellee called John Pistner, an eyewitness to the incident and owner of a garage located on Route 255 at the scene of the accident, Pistner testified:

"A. I observed [appellee] coming up the road, I knew from just watching him he was coming up the road and slowing down and it looked like he was coming to a stop and he just didn't stop at all.

"Q. Did it appear that he was going to come to a stop?

"A. Right.

"Q. How fast would you say he was going at the last before he hit?

"A. I don't think he was going over 10 miles per hour."

Pistner also testified that after the accident, he examined appellee's truck and found that the left front wheel brake hose was ruptured. He stated that when such ruptures occur, a vehicle suddenly loses all braking power without any advance warning.[2]

Finally, appellee called Donald Schatz, a Benzinger Township police officer. Officer Schatz testified that he came upon the scene of the accident within two to three minutes of the collision. He stated that at the scene, he engaged the brake pedal of appellee's truck and found that because there was no pressure on the pedal, it went to the floor. This test indicated brake failure.

At the close of testimony, the lower court deferred its decision. In an August 8, 1975 order, the lower court held that it, "regrettably and with great sympathy for plaintiffs and the serious injuries sustained and damages suffered, is compelled to find that plaintiffs did not prove by a preponderance or a fair weight of the evidence that defendants or either of them, were negligent which negligence was the proximate cause of the injuries suffered by plaintiffs." This appeal followed.

■ Appellants contend that the lower court's verdict is against the weight of the evidence.[3] In *Burrell v. Philadelphia Electric Co.*, 438 Pa. 286, 288–289, 265 A.2d 516, 517 (1970), the Supreme Court stated:

"We have frequently set forth the standards governing the grant of a new trial on the ground that the verdict was against the weight of the evidence. 'The grant of a new trial is within the sound discretion of the trial judge, who is present at the offering of all relevant testimony, but that

**2.** Appellee called Leander Hoffman, an automobile mechanic who inspected appellee's truck on July 23, 1971, and found no evidence of faulty brakes. He also corroborated Pistner's opinion that a brake hose rupture would cause sudden and total brake failure.

**3.** Appellants other contentions are meritless. First, they argue that the trial court erred in not applying certain incontrovertible physical facts and principles regarding speed, distance, and reaction time in order to determine that appellee was negligent. Assuming that appellants have preserved this contention for our review, we conclude that the instant case is not appropriate for the application of

discretion is not absolute; this Court will review the action of the court below and will reverse if it determines that it acted capriciously or palpably abused its discretion.' *Austin v. Ridge,* 435 Pa. 1, 4, 255 A.2d 123 (1969), and cases there cited. 'A new trial should not be granted because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion: [citation omitted]. Neither should it ordinarily be granted on the ground that the verdict was against the weight of the evidence where the evidence is conflicting and the jury might have found for either party.' *Carroll v. Pittsburgh,* 368 Pa. 436, 445–6, 84 A.2d 505 (1951). A new trial should be awarded on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. *Jones v. Williams,* 358 Pa. 559, 564, 58 A.2d 57; *Carroll v. Pittsburgh,* supra, 368 Pa. at 447, 84 A.2d 505; *Brown v. McLean Trucking Co.,* 434 Pa. 427, 429–30, 256 A.2d 606 (1969)." See also *Musser v. Shenk,* 192 Pa.Super. 471, 161 A.2d 628 (1960). It is also important to note that the findings of a trial judge sitting without a jury carry the same weight as a jury verdict. *Idell v. Falcone,* 427 Pa. 472, 235 A.2d 394 (1967); *Girard Trust Corn Exchange Bank v. Brinks, Inc.,* 422 Pa. 48, 220 A.2d 827 (1966).

In *Cirquitella v. Callaghan,* 331 Pa. 465, 200 A. 588 (1938), our Supreme Court stated that "the mere happening of a rear-end collision [does not] constitute negligence as a matter of law on the part of the operator of the rear automobile. The occurrence of such a collision does not raise a presump-

the incontrovertible physical facts doctrine. See *Stacy v. Thrower Trucking Co., Inc.,* 253 Pa.Super. 150, 384 A.2d 1274 (1978).

Appellants' other contention is that the lower court misconstrued the deposition testimony of a physician who examined appellant, Joseph Floravit. The court found that the deposition challenged Floravit's credibility with respect to the extent and permanence of his injury. Once again, assuming that this claim is properly before us, we conclude that the lower court did not abuse its discretion in so finding.

.

tion that the driver of either vehicle was negligent. It is a question of fact for the jury to be determined from all the evidence of the case. The plaintiff must prove that the collision resulted from the negligence of the defendant." See also, *Pascale v. Simmons,* 406 Pa. 476, 178 A.2d 549 (1962); *Meek v. Allen,* 162 Pa.Super. 495, 58 A.2d 370 (1948).

■ In the instant case, the lower court found that the brake hose in appellee's truck ruptured, causing immediate brake failure. Further, the uncontroverted testimony of expert mechanics showed that the impending failure could not have been detected prior to the sudden loss of braking power. As a result, the lower court concluded that appellee was not negligent in failing to anticipate the brake failure. Moreover, the court found that in the few seconds after the brake failure, appellee acted reasonably in attempting to avoid striking appellants' vehicle in the rear.

Our review of the trial record convinces us that the lower court did not abuse its discretion in making its findings and conclusions. Consequently, we will not disturb the court's verdict.

Order affirmed.

HESTER, J., dissents.

SPAETH, J., did not participate in the consideration or decision of this case.