396 A.2d 1269

**Thomas C. JUNK, Appellant,**

v.

**EAST END FIRE DEPARTMENT and Walter W. Barnes, Jr., Appellees.**

Superior Court of Pennsylvania.

Argued April 12, 1978.

Decided Dec. 29, 1978.

474

476

Robert J. Tesone, Sharon, for appellant.

William J. Madden, Sharon, for appellees.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

JACOBS, President Judge:

This appeal comes to us following judgments entered in appellees' favor on appellant's complaint against appellees and on appellees' counterclaim against appellant. Appellant raises nine issues for our consideration. We agree with appellant that the lower court erred in instructing the jury on appellees' counterclaim. Therefore, we reverse the judgment on the counterclaim and remand that part of the case for a new trial. We find no reversible error concerning appellant's complaint and, accordingly, affirm that part of the judgment.

Briefly stated the facts are as follows: On April 29, 1971, at about 8:00 P.M., appellant approached the intersection of Maple Drive and East State Street (Business Route 62) in Hermitage Township, Mercer County. He stopped at the intersection for a red light and, when the signal turned green, he proceeded east on Route 62 and started to turn left onto Dutch Lane, a north-south road running perpendicular to Route 62 approximately fifty feet east of the Maple Drive-Route 62 intersection. In making the turn appellant had a green light in his favor. As he was turning toward Dutch Lane, he heard a siren and saw headlights coming toward him from his right; when he reached the west bound passing lane of Route 62, appellant's car and appellees' ambulance collided.

At the time of the collision, the ambulance was transporting an accident victim to the Sharon General Hospital. As the ambulance approached the Maple Drive-Route 62 intersection, Appellee Barnes, the driver, observed that the traffic signal was red against him. He slowed the ambulance to allow traffic time to clear the intersection. The ambulance's siren and warning lights were in operation. The collision occurred shortly after he entered the intersection.

Appellant filed suit against the fire department and Appellee Barnes for property damage and personal injury. The fire department counterclaimed for property damage. A jury returned a verdict against appellant on his complaint and in favor of appellees on their counterclaim. Appellant filed a timely motion for new trial which was denied by the court below. This appeal followed.

## I

We turn first to appellant's appeal from the judgment entered against him on appellees' counterclaim. Appellant alleges that the trial judge erred when he instructed the jury that if it found appellant to be negligent, only recklessness and not negligence on the part of Appellee Barnes would bar appellees from recovery. We agree with appellant that this instruction was erroneous and, accordingly, reverse.

The emergency vehicle provisions of the Motor Vehicle Code [1] protect the operators of emergency vehicles from liability unless they act with reckless disregard for the safety of others. The recklessness provisions, however, do not enable the driver or owner of an emergency vehicle to recover if the vehicle has been driven negligently, albeit not recklessly. Negligent conduct, whether or not arising in an emergency situation, should not be compensable unless the party being sued was reckless. Since there was no allegation in this case that Appellant Junk was reckless and since it is possible that Appellee Barnes was contributorily negligent, in which case appellees would have been barred from recovering against appellant, a new trial must be granted as to the counterclaim.

1. The Act of April 29, 1959, P.L. 58, §§ 1002, 1014, 1016, 1028, *as amended,* 75 P.S. §§ 1002, 1014, 1016, 1028. The Motor Vehicle Code of 1959 was replaced with a new Code in 1976. The Act of June 17, 1976, P.L. 162, No. 81, § 1 *et seq.,* 75 Pa.C.S. § 101 *et seq.* The 1959 Code is applicable to the case at bar. See section II A of this opinion for a discussion of the recklessness provisions of the Motor Vehicle Code.

## II

Next we turn to appellant's appeal from the judgment entered in appellees' favor on appellant's complaint.

### A.

Appellant initially argues that the trial judge erred in instructing the jury concerning the emergency vehicle doctrine and the recklessness standard. Reading the charge of the court in its entirety and against the background of the evidence in this particular case, as we must, we find appellant's argument to be without merit. *Whitner v. Lojeski,* 437 Pa. 448, 454, 263 A.2d 889, 892 (1970).

Pursuant to the Motor Vehicle Code of 1959, emergency vehicles, including ambulances, are not subject to ordinary traffic regulations. For example, emergency vehicles "when operated with due regard for safety" are excluded from following speed limitations (§ 1002(f)), right of way rules (§ 1014(b)), stop signs (§ 1016(d)), and other traffic signals or sign interpretations (§ 1028(d)). The Act of April 29, 1959, P.L. 58, §§ 1002, 1014, 1016, 1028, *as amended,* 75 P.S. §§ 1002, 1014, 1016, 1028. These exceptions, however, do not protect emergency vehicles from liability when the vehicles are driven in "reckless disregard of the safety of others." 75 P.S. §§ 1002, 1014, 1016, 1028. *Horsham Fire Company v. Fort Washington Fire Company,* 383 Pa. 404, 406, 119 A.2d 71, 72 (1956); *Roadman v. Bellone,* 379 Pa. 483, 488, 108 A.2d 754, 757 (1954).

Appellant objects to that part of the court's charge which stated that in order to prove appellees liable, appellant was required to prove reckless conduct by Appellee Barnes. In support of his argument, appellant cites our Supreme Court's decision in *Pressler v. Pittsburgh,* 419 Pa. 440, 214 A.2d 616 (1965). In that case, the Court found the trial court's instructions to be erroneous because the trial court intimated that one operating under the emergency vehicle doctrine could be negligent and not liable for damages arising from the negligence. Specifically, the Court said,

The trial court properly charged on this feature of the code but seemed to suggest that a fireman could possibly be a little negligent and yet not be at fault. No one is allowed to be a little negligent without responsibility any more than one is allowed to commit at will a little crime. Circumstances may wipe out culpability or legal responsibility but no one is authorized to violate the law. The court apparently was of the impression that since the Code added the specific admonition that a fireman would be held responsible for a "reckless disregard of the safety of others," the Code meant to imply that anything less than such reckless disregard was tolerable and allowable. This, of course, is not so. If a fireman, under the stress of his grave responsibility to save life and property, transcends the limits of a municipal ordinance the latter may well be swallowed up in the greater duty of the fireman to preserve life. Briefly then, it may be stated, and should be repeated, with the resounding effect of a fire bell sounding the alarm, that negligence is the lack of due care *under the circumstances.*

*Id.,* 419 Pa. at 446, 214 A.2d at 619. The Court went on, however, to find that the trial court corrected any error in the charge by stating that the jury was to disregard any statement concerning negligence and

"merely determine, again from all the circumstances, all the testimony, all the plans, all the exhibits, all the facilities brought to your attention, the location, the area, the scene, in other words, any knowledge that you have about this matter brought out during the course of this trial, determine where the fault lies in this situation when read in the light of those provisions."

*Id.,* 419 Pa. at 447, 214 A.2d at 619. We do not find the decision in *Pressler v. Pittsburgh* to have been violated in this case.

Our courts have recognized the difficulty in defining the test of liability in emergency doctrine cases. *See Ferruzza v. Pittsburgh,* 394 Pa. 70, 76, 145 A.2d 706, 708 (1958). The standard most generally adopted, however, is that set forth in Section 500 of the Restatement (Second) of Torts:

The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

See *Cavey v. Bethlehem,* 331 Pa. 556, 558, 1 A.2d 653, 654 (1938); *Reilly v. Philadelphia,* 328 Pa. 563, 567, 195 A. 897, 899 (1938). The courts have also defined recklessness in terms of circumstances present at the scene and time of the accident: Liability is imposed under the emergency vehicle doctrine if the conduct "under all the circumstances [shows] a reckless disregard of the safety of others." *Ferruzza v. Pittsburgh,* 394 Pa. at 76, 145 A.2d at 708. "[T]he test in all such circumstances is whether the vehicle was being operated 'with due regard for safety' and not in 'reckless disregard of the safety of others.'" *Long v. Schumacher,* 342 Pa. 356, 360, 20 A.2d 765, 767 (1941). "What constitutes a reckless want of care on the part of the operator of a motor vehicle varies with the circumstances of the particular case." *Cavey v. Bethlehem,* 331 Pa. at 558, 1 A.2d at 654. " 'In order that the actor's conduct may be in reckless disregard of the bodily security of others, it must not only involve a high degree of probability that death or serious bodily harm will result therefrom, but the circumstances must be such that the risk so created is unreasonable.' Restatement [Torts], section 500, comment (a)." *Reilly v. Philadelphia,* 328 Pa. at 567–68, 195 A. at 899.

The decision in *Pressler v. Pittsburgh* does not overrule the decisions in the above cited cases. Indeed, the only difference is one of semantics. We agree that negligence is lack of due care under the circumstances. In a case involving the emergency vehicle doctrine, however, due care and negligence become questions of degree. What may be negligence in driving a vehicle down a street under normal circumstances may not be negligence under the extreme

circumstances presented by an emergency situation. While simple negligence is not recklessness, negligence in an emergency situation is recklessness. The various provisions of the emergency vehicle doctrine make clear that to prove an operator of such a vehicle liable, the plaintiff must prove more than simple negligence. What he or she must prove is negligence under circumstances constituting an emergency—that is, recklessness.[2] *See Ferruzza v. Pittsburgh,* 394 Pa. at 76, 145 A.2d at 708.

Having defined recklessness in terms of the emergency vehicle doctrine, we must now examine the lower court's instructions to the jury to determine if the instructions satisfy our definition. In pertinent part, the court instructed the jury as follows:

Now, in order for Mr. Junk to recover, he must prove by a preponderance of the evidence two things. First, that Mr. Barnes' method of driving the vehicle at the time the accident happened was reckless conduct. Second, he must prove that that reckless conduct was the legal cause of the accident.

Now, what is reckless conduct? Reckless conduct is intentional acting or failing to act in complete disregard of a risk of harm to others which is known or should be known to be highly probable and with a conscious indifference to the consequence. Reckless conduct is acting or failing to act when existing danger is actually known and with an awareness that harm is reasonably certain to result. In other words, it's more than mere negligence.

**2.** The Vehicle Code of 1976 further supports our holding that a plaintiff pursuing a claim under the emergency doctrine of the 1959 Code must prove more than simple negligence by the operator of an emergency vehicle. The new Code provides that the emergency doctrine "does not relieve the driver of an emergency vehicle from the duty to drive with due regard for the safety of all persons." The Act of June 17, 1976, P.L. 162, No. 81, § 1, 75 Pa.C.S. § 3105(e). The change in language from the 1959 Code to the 1976 Code appears to signal an increase in the duty placed on operators of emergency vehicles, and a decrease in the burden placed on plaintiffs bringing actions pursuant to this section. *See* M. Meyer, 1 *Law of Vehicle Negligence in Pennsylvania,* § 4.30, n. 33, 34–42 (1978 Supp.).

It's acting in such a way that the person acting has a conscious indifference to the consequences.

N.T. 93a.

Therefore, let me summarize by saying that an ambulance driver driving in an emergency has certain exemptions from the Motor Vehicle Code, but, he is not permitted to drive his ambulance recklessly and without due regard to the safety of other persons, that's interpreted by the Court to mean reckless driving. I have defined that. Reckless conduct is intentional acting or failing to act in complete disregard of the risk of harm to others which is known or should be known to be highly probable and with a conscious indifference to the consequences. Therefore, for Mr. Junk to recover, he must prove by a preponderance of the evidence that Mr. Barnes was operating the ambulance recklessly, and that that reckless conduct was the cause of the accident.

N.T. 95a.

Now, if you find that Mr. Barnes came down the east lane going the wrong way and that he observed a man, Mr. Junk, sitting out by the medial strip with his car angled across it and he just plowed right into him with a disregard of what happens, if his position is let Mr. Junk get out of the way, here I come, you see, then that would be reckless conduct. It would be a disregard for what happens. On the other hand, if you find that Mr. Barnes was driving his car [sic, ambulance] up the west lane of State Street and that he looked ahead and that the intersection appeared to be clear and that cars were yielding to him as the law indicates they should, and that he starts into the intersection and suddenly Mr. Junk makes a left-hand turn in front of him and he strikes him, then that wouldn't be reckless conduct on his part. It might be negligent conduct, but it's not reckless conduct, and reckless conduct is the standard that must be proved.

N.T. 96a.

We find no error in these instructions. The court's definition of recklessness comports with the definition set

forth in Section 500 of the Restatement (Second) of Torts and earlier cases involving the emergency vehicle doctrine. *See Cavey v. Bethlehem,* 331 Pa. 556, 1 A.2d 653; *Reilly v. Philadelphia,* 328 Pa. 563, 195 A. 897. Not only did the trial judge define recklessness circumstantially ("intentional acting or failing to act in complete disregard of a risk of harm to others which is known or should be known to be highly probable and with a conscious indifference to the consequence"), but also he gave examples of circumstances under which certain conduct would and would not constitute recklessness. The court's statements that recklessness is more than "mere negligence" and that negligence under certain circumstances does not constitute recklessness were correct. The court's instructions as to recklessness and the appellant's obligation to prove such recklessness were clear and accurate. Appellant is not entitled to a new trial on this basis.

### B.

Appellant next argues that the trial judge erred in instructing the jury that if appellant had been contributorily negligent he would be barred from recovery for appellees' recklessness. While we agree with appellant that this instruction was erroneous, we find that the error was harmless and does not warrant a new trial. *Siegfried v. Lehigh Valley Transit Company,* 334 Pa. 346, 349, 6 A.2d 97, 98 (1939).

 Contributory negligence is not a defense to recklessness. *Williams v. Philadelphia Transportation Company,* 219 Pa.Super. 134, 137, 280 A.2d 612, 614 (1971); *Merkel v. Scranton,* 202 Pa.Super. 15, 24, 193 A.2d 644, 649 (1963). Appellant's argument is flawed, however, because the jury did not find appellees to be reckless. We are generally hesitant to guess at what a jury found, *Vaughn v. Philadelphia Transportation Company,* 417 Pa. 464, 209 A.2d 279 (1965), but, here, the verdict entered on appellees' counterclaim makes that finding apparent.

■ In his instructions on appellees' counterclaim, the judge told the jury that if they found that appellees had been reckless they would be barred from recovering for appellant's negligence, although they could recover if they were negligent. This instruction was erroneous.[3] Nevertheless, it was the instruction by which the jury was guided. The verdict in favor of appellees, following such an instruction, clearly indicates that the jury did not find appellees to be reckless. Since there was no finding of recklessness on the part of appellees, the error in the court's instruction concerning contributory negligence as a defense to recklessness was harmless.

C.

Appellant also contends that the trial judge erred in refusing six of his requested points for charge and in affirming and reading four others presented by appellees. Upon examining the requested points for charge and the general charge of the court as a whole, we find that any error committed was harmless.

Appellant's requested points for charge which were refused are as follows:

10. The privilege granted to the operator of emergency vehicle to proceed through a red light is not absolute and must be exercised with a degree of prudence. *Levy v. City of Scranton,* 68 Lack Jr. 83.

13. There is no point in an ambulance driver racing beyond the speed limit in order to get his patient to a doctor or hospital if in doing so he maneuvered his vehicle so recklessly that he collided with another vehicle, thus increasing the number of patients and aggravating the condition of the one being hastened to the hospital. *Rondinelli v. City of Pittsburgh,* 407 Pa. 89. [180 A.2d 74]

15. A party is not bound to guard against the want of ordinary care on the part of another. He has a right to presume that ordinary care will be used to protect

3. See section I of this opinion.

him and his property from injury. No one can complain of want of care in another where care is only rendered necessary by his own wrongful act. *Wagner v. E. R. T. Company,* 252 Pa. 354. [97 A. 471]

16. Plaintiff's contributory negligence does not bar recovery from harm caused by the defendant's reckless disregard for Plaintiff's safety. *Restatement, Torts,* § 482; *Merkel v. Scranton,* 202 Pa.Super. 15. [193 A.2d 644]

17. Conduct is in reckless disregard of the safety of another if one intentionally does an act or fails to do an act which it is his duty to others to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other that also involves a high degree of probability that substantial harm will result to him. *Restatement, Torts,* § 500.

18. If defendant's conduct amounts to reckless disregard of the plaintiff's safety, the plaintiff is not barred from recovery by any form of contributory negligence. He is not barred from recovery by a failure to exercise reasonable care and competence after he knows of the defendant's reckless misconduct and realizes the dangers involved therein. In order that the plaintiff's conduct may bar him from recovery, it is necessary that he not only know of the defendant's reckless conduct, but also realize the gravity of the risk involved therein so that he is not only unreasonable but reckless in exposing himself to it. *Merkel v. Scranton,* 202 Pa.Super. 15. [193 A.2d 644]

The trial court did not err in refusing appellant's points 10, 13, and 17. All were covered adequately in the general charge to the jury so the trial judge was not required to repeat the instructions in the language requested by appellant. *Woldow v. Dever,* 374 Pa. 370, 378, 97 A.2d 777, 782 (1953); *Amati v. Williams,* 211 Pa.Super. 398, 402, 236 A.2d 551, 553 (1967). The court did err in refusing points 16 and

18, but the error is not a basis for relief. We have already determined that the jury did not find appellees to be reckless. Therefore, the court's refusing to tell the jury that appellant's contributory negligence would not bar his recovery against appellees' recklessness was harmless. Finally, any error as to point 15 is remedied by our decision to grant appellant a new trial as to appellees' counterclaim.

Appellees' points for charge which were affirmed and of which appellant complains included the following:

5. If in this case you determine that the ambulance was operating under official business and had sounded an audible signal, then, in order for the plaintiff to recover, you must find that the conduct of the ambulance driver was reckless; that is, he intentionally did an act or failed to do an act knowing or having reason to know of facts which would lead a reasonable man to realize that his conduct not only creates an unreasonable risk of bodily harm to the other, but also involves a high degree of probability that substantial harm will result. *LaMarra v. Adam,* 164 Pa.Super. 268 [63 A.2d 497].

6. Once the defendant has established that he is in fact an emergency vehicle and has in fact sounded an audible signal and has, therefore, in fact, come within Section 1014(b) of the Vehicle Code, it is then incumbent upon the plaintiff in order to recover to show recklessness or an arbitrary exercise of his right-of-way by the defendant ambulance driver. *Roadman v. Bellone,* 379 Pa. 483 [108 A.2d 754]; *Manfield [Mansfield] et al. v. Philadelphia,* 352 Pa. 199 [42 A.2d 549].

9. The Plaintiff's blind reliance on a favorable traffic signal is negligence. *Byrne et al. v. Schultz,* 306 Pa. 427 [160 A. 125].

13. Inattention to an obviously hazardous condition is negligence. *Clark v. Pittsburgh Railways Company,* 314 Pa. 404 [171 A. 886].

Points 5 and 6 are correct statements of the law and the court did not err in reading them to the jury. Appellant objects to points 9 and 13 on the basis that there was no evidence to support the instructions. While we agree with appellant that evidence to support these points was not presented, we do not find the instructions so harmful as to constitute reversible error.

Where the judge instructs the jury that it is to determine the factual issues of the case independently of anything the judge or counsel might have stated, the judge does not commit prejudicial error even if his or her recollection of the facts as recited to the jury is erroneous. *Reading Motor Sales, Inc. v. United States Fidelity and Guaranty Company,* 439 Pa. 149, 156, 266 A.2d 687, 691 (1970). Likewise, when the court instructs the jury, as the judge twice did here, that they are to determine the facts of a case, and when the charge as a whole is accurate and thorough, the court does not commit reversible error in giving irrelevant instructions of minor importance which are unsupported by the evidence.

Having read the charge to the jury, which covers twenty-eight pages of the reproduced record, and examined those excerpts upon which appellant predicates his appeal, we can conclude only that the charge was basically complete and correct and that the few errors committed by the judge were harmless.

## D.

Appellant next contends that the trial court erred when it refused to allow him to amend his complaint to allege that Appellee Barnes was negligent in choosing to travel to Sharon General Hospital by way of Route 62 rather than by way of the Shenango Valley Freeway. Appellees objected to the proposed amendment, arguing that it introduced a new cause of action after the statute of limitations had run.

The lower court agreed and disallowed the amendment. We, too, agree with appellees.[4]

As a general rule, a plaintiff, with the consent of the adverse party or by leave of court, may amend his or her complaint. Pa.R.C.P. 1033. Although the right to amend is to be construed liberally, it is not absolute. Amendments may not be made if they serve to introduce a new cause of action after the running of the statute of limitations. *Kuisis v. Baldwin-Lima-Hamilton Corp.,* 457 Pa. 321, 325, 319 A.2d 914, 918 (1974). *See also* Goodrich-Amram 2d § 1033.4; 3 *Standard Pennsylvania Practice* 656; 2B Anderson *Pennsylvania Civil Practice* § 1033.27. The decision to grant or deny permission to amend is within the discretion of the trial court and we will reverse that decision only upon a showing of a clear abuse of discretion. *Geiman v. Board of Assessment and Revision of Taxes,* 412 Pa. 608, 614, 195 A.2d 352, 355–56 (1963).

A cause of action in negligence has been defined as the negligent act or acts which occasioned the injury for which relief is sought. *Cox v. Wilkes-Barre Railway Corporation,* 334 Pa. 568, 570, 6 A.2d 538, 539 (1939); *Martin v. Pittsburgh Railways Company,* 227 Pa. 18, 20, 75 A. 837, 837 (1910). A new cause of action does not exist if plaintiff's amendment merely adds to or amplifies the original complaint or if the original complaint states a cause of action showing that the plaintiff has a legal right to recover what is claimed in the subsequent complaint. *Wilson v. Howard Johnson Restaurant,* 421 Pa. 455, 460, 219 A.2d 676, 678–79 (1966); *Arner v. Sokol,* 373 Pa. 587, 591, 96 A.2d 854, 855–56 (1953); 3 *Standard Pennsylvania Practice* 682. A new cause of action does arise, however, if the amendment proposes a different theory or a different kind of negligence than the one previously raised or if the operative facts supporting the

---

4. Appellant also argues that the trial court erred in refusing to grant him permission to amend his complaint to allege recklessness on the part of Appellee Barnes. Both parties and the trial court agree, however, that appellant did, in effect, amend his complaint at trial. Therefore, we need not address this issue.

claim are changed. 2B Anderson *Pennsylvania Civil Practice,* §§ 1033.28 and 1033.31.

Appellant Junk did not merely attempt to add to his original pleadings, but rather attempted to introduce an entirely new theory of negligence based upon a different set of facts. The amendment he sought had nothing to do with Appellee Barnes' operation of the ambulance. Instead, it dealt with Barnes' decision to proceed via Route 62 rather than by an alternate route. Had the amendment been permitted, plaintiff would have sought to introduce evidence relating to the reasons behind Barnes' decision. Appellees then would have had to defend against appellant's additional allegations and such defense would have been entirely different than the one prepared to counter appellant's complaint concerning Barnes' operation of the ambulance. One of the primary reasons for disallowing amendments which create new causes of action after the running of the statute of limitations is to prevent prejudice to the adverse party. *Wilson v. Howard Johnson Restaurant,* 421 Pa. at 461, 219 A.2d at 679. There is no doubt that had appellant been allowed to amend his complaint here, appellees would have been unfairly prejudiced.

The judge below did not abuse his discretion in refusing to allow appellant to amend his complaint. *Cf. Wilson v. Howard Johnson Restaurant,* 421 Pa. 455, 219 A.2d 676 (amendment disallowed where plaintiff sought to allege negligence because of a picket fence located too close to a sidewalk and original complaint had alleged negligence because of an icy sidewalk); *Cox v. Wilkes-Barre Railway Corporation,* 334 Pa. 568, 6 A.2d 538 (amendment disallowed where plaintiff sought to allege liability based on defendant's failure to maintain a right of way in a reasonably safe condition after originally claiming liability on a theory of reckless operation of a street car) and *Mays v. United Natural Gas Co.,* 268 Pa. 325, 112 A. 22 (1920) (amendment disallowed where plaintiff sought to allege that defendant was negligent in using certain tools after originally alleging that defendant was negligent in failing to supply safe tools). Appellant is not entitled to a new trial on this basis.

492

E.

Appellant also argues that the trial court erred in refusing to allow three of his witnesses to testify concerning the custom or standards followed by emergency vehicle operators when approaching an intersection controlled by a red traffic signal. The admission of expert testimony is a matter within the discretion of the trial court and that decision will not be reversed unless the judge clearly abused that discretion. *Laubach v. Haigh,* 433 Pa. 487, 491, 252 A.2d 682, 683 (1969); *Hussey v. May Department Stores, Inc.,* 238 Pa.Super. 431, 435, 357 A.2d 635, 637 (1976). The trial judge, here, did not abuse his discretion in refusing to allow the proffered testimony.

Appellant argues that he wanted to introduce the testimony of two police officers and one fire chief, all with many years of experience in driving emergency vehicles, to demonstrate that the proper practice or procedure of operating an emergency vehicle when approaching an intersection controlled by a red traffic signal is to bring the vehicle to a complete stop to allow traffic to clear the intersection and to proceed through the intersection only after all traffic has cleared. It is true that expert testimony is an appropriate method of proving the custom or practice prevailing in a particular business in the use of methods, machinery, and appliances. *Jemison v. Pfeifer,* 397 Pa. 81, 86, 152 A.2d 697, 699–700 (1959); *Fox v. Keystone Telephone Company,* 326 Pa. 420, 426–27, 192 A. 116, 119 (1937). Appellant's argument, however, is inapplicable to this case.

Section 1028(b)(3) of the 1959 Motor Vehicle Code provides that

[Upon facing a red traffic signal, t]raffic . . . shall stop before entering the intersection, and remain standing until green is shown. No movement or turns shall be lawful on red *except as otherwise provided in this section.* [Emphasis added.]

75 P.S. § 1028. Section 1028(d) exempts "ambulances when traveling in emergencies" from obeying the red traffic sig-

nal regulation. As noted earlier, the exemption is inapplicable only when the emergency vehicle is operated in "reckless disregard of the safety of others." 75 P.S. § 1028(d). By law, Appellee Barnes was not required to stop the ambulance at the intersection of Route 62 and Maple Drive even though he approached the intersection on a red light. His only duty was to proceed through the intersection without recklessly disregarding the safety of others. Appellant's proffered testimony had nothing to do with the statutory standard under which Appellee Barnes was operating the ambulance. In fact, appellant was attempting to set forth a new—and stricter—standard for the operation of emergency vehicles. Under the circumstances of this case, such testimony would have been both irrelevant and misleading.

The jury's concern was whether Appellee Barnes acted recklessly in operating the ambulance. In making their decision, they were amply guided by the words of the statute and the evidence before them. "The employment of testimony of an expert rises from necessity, a necessity born of the fact that the subject matter of the inquiry is one involving special skills and training beyond the ken of the ordinary layman: [citations omitted]." *Reardon v. Meehan,* 424 Pa. 460, 465, 227 A.2d 667, 670 (1967). Here, the evidence presented was adequate to convey to the jury the precise facts of the case and their bearing on the issues. There was no need for testimony or opinions by persons with special knowledge or training. *Taylor v. Fardink,* 231 Pa. Super. 259, 262, 331 A.2d 797, 799 (1974). The exclusion of appellant's proposed witnesses does not entitle him to a new trial.[5]

5. Appellant appears to argue that the proffered testimony of his expert witnesses also may have been excluded because he failed to submit hypothetical questions to the court prior to trial as is required by a Mercer County Rule of Court. Appellant alleges this was error because one need not ask hypothetical questions of expert witnesses. *Tobash v. Jones,* 419 Pa. 205, 213 A.2d 588 (1965). Appellant is correct that expert testimony need not be based on a hypothetical question. Here, however, it appears from the record that appellant did propose to ask the witnesses hypothetical questions and that he did not submit the questions to the court in writing as is required by the local rule. The reproduced record provided by the appellant does

## F.

Finally, appellant argues that he should be awarded a new trial because the jury's verdict was against the law and the weight of the evidence.

We agree with appellant that the verdict entered on appellees' counterclaim was against the law and we have awarded him a new trial on that basis.[6] Our foregoing discussion in sections II A through E, however, conclude that the verdict entered for appellees on appellant's complaint was not against the law. Therefore, he is not entitled to a new trial on the complaint.

 The decision to grant or deny a new trial because the verdict is against the weight of the evidence lies within the discretion of the trial judge. We will reverse that decision on appeal only if the trial judge acts capriciously or palpably abuses that discretion. *Floravit v. Kronenwetter*, 255 Pa.Super. 581, 585–586, 389 A.2d 130, 132 (1978); *Dixon v. Andrew Tile and Manufacturing Company*, 238 Pa.Super. 275, 282, 357 A.2d 667, 670 (1976). A new trial will not be granted merely because this court believes that the jury should have reached a different verdict or because the evidence is conflicting and the jury could have rendered a verdict in favor of either party. We will grant a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that the losing party may be given another opportunity to prevail. *Dixon v. Andrew Tile and Manufacturing Company*, 238 Pa.Super. at 282, 357 A.2d at 670–71.

 We have carefully reviewed the record in this case and have considered all of the evidence presented. *Ason v. Leonhart*, 402 Pa. 312, 315, 165 A.2d 625, 627 (1960); *Jemison*

not clearly demonstrate whether his failure to follow the local rule was one basis for the court's decision. The judge made no mention of the rule in his written opinion. Even if the local rule had been part of the reason for the judge's decision, it is clearly within the trial judge's power to enforce the local rules of court and we find no error in his doing so here.

6. See section I of this opinion.

*v. Pfeifer,* 397 Pa. at 92, 152 A.2d at 703. We have found more than ample evidence to support the jury's verdict in favor of appellees on appellant's complaint. Our sense of justice is not shocked and we can find no abuse of discretion by the trial court. Appellant is not entitled to a new trial on his complaint.

Judgment affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

CERCONE, J., concurs in the result.

SPAETH, J., files a concurring and dissenting opinion.

HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring and dissenting:

I concur in the majority's order affirming the judgment in favor of appellees on appellant's complaint; I dissent, however, from the majority's order reversing the judgment in favor of appellees on their counterclaim.

*Pressler v. Pittsburgh,* 419 Pa. 440, 446, 214 A.2d 616, 619 (1965), held that there is only one standard of care—due care under the circumstances. When the circumstances involve an emergency, therefore, the defendant's conduct must be appraised in light of that emergency. If the defendant is an ambulance driver, rushing someone to the hospital, he may be found to be acting with due care even though he does go through a red light, provided he has his lights flashing and his siren wailing, and otherwise looks out for the safety of others. If he does these things, and is still hit by another driver, two results should follow: First, the ambulance driver should not be held liable in damages to the other driver; he may only be held liable if he acted recklessly. And second, if the ambulance driver was himself hurt, he should be able to recover from the other driver, if the other driver was negligent.

Here, the majority has entered an inconsistent order. It has held, correctly, that the ambulance driver, and his em-

ployer, may not be held liable in damages to the other driver, because, given the emergency circumstances, the driver was acting with due care. This holding is expressed in Part II of the majority's opinion. At the same time the majority has also held, in Part I of its opinion, that the ambulance driver may not recover damages from the other driver, even though the other driver was negligent, if the ambulance driver was "negligent." Majority opinion at 1271, 1272. Thus, the majority creates two standards of care for ambulance drivers, depending upon whether the driver is defendant (no liability unless "reckless") or plaintiff (no recovery if "negligent"). This is just what *Pressler* forbids. Given the jury's finding that in the emergency circumstances presented, the ambulance driver here was driving with due care, the conclusion follows that he was not "negligent"; he—more precisely, his employer—was therefore entitled to recover on the counterclaim.

Both judgments should be affirmed.