## County of Lehigh v. A.L. Wiesenberger Associates, Inc. et al.

*Susan E. Mensch,* for plaintiff.
*James A. Bartholomew,* for defendant.
*Robert P. Garbarino,* for additional defendant, F.& M. Schaefer Brewing Co.
*Thomas C. Sadler,* for additional defendant, Lehigh County Authority.
*Joseph F. Leeson,* for additional defendant, Lehigh County Authority.
*Richard W. Shaffer,* for additional defendant, Lehigh County Authority.
*Richard F. Stevens,* for additional defendant, Malcolm Pirnie, Inc.
*Edward Rubin,* for additional defendant, Pollution Control Corp. Co., Inc.
*Robert A. Weinert,* for additional defendant, Ethyl Corp.

DIEFENDERFER,*J.,* June 3, 1981—This case is before the court pursuant to plaintiff's, Lehigh County, motion for leave to file an amended complaint pursuant to Pa.R.C.P. 1033. Argument was heard by the court on December 17, 1980. Reargument was heard on May 6, 1981.

This action arose from difficulties arising from the construction and operation of a sewage pretreatment plant. On or about August 25, 1969 plaintiff, Lehigh County, County contracted with A. L. Wiesenberger Associates, Inc., Wiesenberger to perform engineering services and supervise the construction of a sewage pretreatment plant in Upper Macungie Township to service new industry in that area of the county. Wiesenberger prepared all studies, reports, sketches, specifications, drawings and other detailed rendering relative to the construction of the plan with full knowledge of the

pretreatment demands and the volumes of waste water to be pretreated. The plant was constructed pursuant to the designs and specifications and under the supervision of Wiesenberger. The county paid all costs of construction as well as defendant's engineering fees in full. On or about April 8, 1972, the construction of the plant was completed and the plant became operational. Upon operation of said plant, numerous difficulties were encountered and plaintiff was required to incur great expenses in efforts to correct the defects. On or about January 27, 1976, the plant was shut down and is no longer in use, plaintiff having decided it could not be made to operate properly.

In late August or early September 1977, the county filed the within action by writ of summons in assumpsit. Defendant immediately directed a rule upon plaintiff to file a complaint. This filing was agreed to be delayed until after the November 1977 election. The original complaint was then timely filed and the additional defendants were joined by defendant's filing of writs. On or about March 31, 1978, defendant commenced a second action against Wiesenberger in assumpsit and trespass. Defendant filed preliminary objections to this second complaint maintaining the pendency of this action bars the second action. On or about June 5, 1979, plaintiff filed a motion for leave to file an amended complaint and a rule to show cause was issued upon defendant, but because plaintiff had not complied with the notice requirements of Lehigh County Rule 206 in presenting this motion, no argument was ever heard on the rule and underlying motion. Plaintiff then filed a second motion for leave to file an amended complaint. On September 26, 1980, the court issued a rule upon defendant and additional defendants to show cause

why said motion should not be granted. Defendant filed its answer alleging the amended complaint adds additional claim for relief, that the statute of limitations on the action has expired and that the additional claims are barred by the statute of limitations. This dispute is now before the court.

The issue before the court is whether the court should allow the complaint in this case to be amended to include a count in trespass even though the statute of limitations has expired. Amendments to the pleadings are freely allowed under Pa.R.C.P. 1033, but this liberality is subject to the qualification that an amendment may not introduce a new cause of action after the statute of limitations has run its course. A complaint may be amended after the expiration of the statute of limitations to amplify and clarify a cause of action already stated: Kuisis v. Baldwin-Lima-Hamilton Corporation, 457 Pa. 321, 319 A. 2d 914 (1974); Junk v. East End Fire Department, 262 Pa. Superior Ct. 473, 396 A. 2d 1269 (1978).

The issue is whether this amendment introduces a new cause of action: In Woskob v. Reliance Elevator, 12 Centre 161 (1977), the complaint was originally in assumpsit and the amendment was to add a count in trespass. The court found no statute of limitations problem and added the trespass count did not add a new cause of action, but rather was a different legal theory involving the same facts. An amendment is allowed, if the original complaint states a cause of action showing that plaintiff has a legal right to recover what is claimed in the subsequent complaint: Wilson v. Howard Johnson Restaurant, 421 Pa. 455, 219 A. 2d 676 (1966); Junk v. East End Fire Department, supra.

In this case plaintiff has not introduced any new facts in the second amended complaint, but has

alleged a second legal theory upon which to base a recovery from defendants. The operative facts remain the same, that defendant designed a pretreatment plant and said plant never operated correctly. In the original complaint the county avers: 15. The numerous problems and general failure of the pretreatment facility was due entirely to the defects in the design and engineering employed by defendant 'Wiesenberger.' 19. The pretreatment facility is non-functional, and of no use of the 'county,' due entirely to the improper design employed by defendant 'Wiesenberger.'

The second amended complaint avers that the damages were caused by defendant's breach of warranties, expressed and implied and also by its negligence. But both these counts are ground in the fact that the plant was improperly designed. They allege that defendant negligently failed to plan and supervise the pretreatment plant and for this reason, the plant was improperly designed. The assumpsit count stated that plaintiff relied on defendant's expertise to design the plant, but the plant was improperly designed and thus never properly functioned. Both counts say defendant failed to properly design the plant, but are based on different legal theories. The facts are the same. These two counts merely clarify a cause of action already stated in the original complaint. Therefore, plaintiff is granted leave to amend its complaint.

## ORDER

Now, June 3, 1981 plaintiff's second motion for leave to file an amended complaint is hereby granted.