446 A.2d 255

**JOHN GOFFREDO AND SONS, INC.**

v.

**S. M. G. CORPORATION, and George E. Yurchinson, The Hanover Insurance Company and John Goffredo and Sons, Inc.**

**Appeal of S. M. G. CORPORATION.**

Superior Court of Pennsylvania.

Argued March 31, 1981.

Filed March 5, 1982.

Reargument Denied June 21, 1982.

Petition for Allowance of Appeal Denied Dec. 1, 1982.

---

Marvin Comisky, Philadelphia, for appellant.

Domenick P. Sbrocchi, Bangor, for appellees.

Before CERCONE, President Judge, and HESTER and JOHNSON, JJ.

JOHNSON, Judge:

This is an appeal from a judgment entered after the denial of exceptions in a nonjury trial.

Appellee (hereinafter referred to as "Contractor") filed a complaint in assumpsit against Appellant (hereinafter referred to as "Owner"), alleging that Owner owed Contractor the sum of $299,505.17 (later amended to $310,576.10) for construction of a motel and banquet center. The aforesaid amount was allegedly owing in addition to the amount of $1,460,999.90 that Owner had already paid to Contractor. The trial court held that venue was in Northampton County, which was the place where the written contract of December 23, 1968, had been executed.

After a nonjury trial that extended over a period of one month, post-trial briefs and arguments were presented to the trial judge. The trial judge died before rendering a decision, and the parties agreed that the court could make a decision based on the record. Approximately one and one-half years after post-trial arguments, the assigned judge filed a decision and verdict granting Contractor the amount of $277,169.06, with interest on $266,098.23 from February 19, 1971.

Owner's exceptions were dismissed by the court en banc, and judgment was entered on the verdict. Owner appeals from the aforesaid judgment. For the following reasons, we reverse and remand for a new trial.

Because of our decision in this case, we shall discuss only one of the twelve (12) issues that Owner presents for our consideration. Owner questions whether or not the trial judge erred when he allowed Contractor, after the statute of limitations had run, to amend his complaint to assert the existence of a subsequent oral agreement.

Contractor's complaint alleged that he and Owner contracted on December 23, 1968, to construct the motel and banquet center for the amount of $1,510,000.00. This amount consisted of the guaranteed maximum cost of $1,100,000.00 plus Owner's requested change orders. The complaint further alleged that the amount of $1,510,000.00 was increased by change orders to a total cost of $1,759,-505.17. Article 6 of the contract of December 23, 1968, provided that the guaranteed maximum cost designated in

the contract could be increased or decreased as provided in Article 8 of the contract. Article 8 stated that the "Owner may make Changes in the Work in accordance with Article 12 of the General Conditions...." Article 12 designated both that the Owner's changes must be made by utilizing change orders and that such changes do not invalidate the contract. Thus, the change orders did not constitute a waiver of the guaranteed maximum cost provision.

In his motion to amend the complaint, Contractor asserted that the contract of December 23, 1968, had been modified by a subsequent oral agreement between himself and Owner that waived the guaranteed maximum cost provision of the original contract.

■ Although the right to amend pleadings is to be construed liberally, amendments may not be made if they introduce a new cause of action after the statute of limitations has run. *Kuisis v. Baldwin-Lima-Hamilton Corp.*, 457 Pa. 321, 325, 319 A.2d 914, 918 (1974); *School District of Shenandoah v. City of Philadelphia*, 367 Pa. 180, 191, 79 A.2d 433, 438 (1951); *Junk v. East End Fire Department*, 262 Pa.Super.Ct. 473, 490, 396 A.2d 1269, 1277 (1978).

The Supreme Court of Pennsylvania has not adopted a comprehensive definition of the term, "cause of action," but has suggested that the term acquires different meanings in different contexts. *Kuisis v. Baldwin-Lima-Hamilton Corp.*, 457 Pa. at 325 n.7, 319 A.2d at 918 n.7. In the context of amendment of pleadings, we have defined a new cause of action as a "different theory" or "basis for recovery." *See Junk v. East End Fire Department*, 262 Pa.Super.Ct. at 490, 396 A.2d at 1277; *West Penn Power Co. v. Bethlehem Steel Corp.*, 236 Pa.Super.Ct. 413, 433, 348 A.2d 144, 156 (1975).

In *Junk*, the lower court held that a proposed amendment from negligence in operation of a vehicle to negligence in choice of a road would constitute a new cause of action. Since the statute of limitations had run, we affirmed the lower court's denial of the proposed amendment. 262 Pa.Super.Ct. at 491, 396 A.2d at 1277.

In *West Penn Power*, the complaint had averred that a specified delivery schedule, to which the parties had allegedly agreed, represented the basis for damages. On the last day of an eight-week trial, the plaintiff proposed an amendment alleging that the time for shipment would have been a "reasonable time" as defined in section 2–309(1) of the Uniform Commercial Code. Even though the statute of limitations had not run, we affirmed the lower court's denial of the proposed amendment. To change the theory for recovery at the end of trial would have prejudiced the defendant. 236 Pa.Super.Ct. at 434, 348 A.2d at 156.

The amendment in the instant case changed the theory for recovery from the written contract of December 23, 1968, to a subsequent oral agreement that allegedly modified the pleaded contract by waiving a major clause—the guaranteed maximum cost provision. Although the aforesaid amendment was made on the first day of trial, the statute of limitations had run. Thus the motion to amend should have been denied.

The verdict against the Owner was based upon the court's erroneous conclusion of law, stated in its Decision of January 2, 1980, that, "The contract between contractor and owner . . . is a cost plus contract without guaranteed maximum." Since both the testimony at trial and the resulting verdict were based upon the amendment to the complaint, which alleged the oral agreement waiving the guaranteed maximum clause, a new trial must be granted.

For the foregoing reasons, the order of July 9, 1980, is reversed; and the case is remanded for a new trial.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent. I would affirm on the adjudication, Opinion and Order of Judge Williams of the court below.